# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

LEO EDWARD BRISBANE      *

Plaintiff      *

v      *      Civil Action No. JFM-17-2720

ROSSETTA SPEAKE and      *
JOEL R. EDELEN[1]
     *
Defendants

     ***

## MEMORANDUM

Plaintiff Leo Brisbane filed this lawsuit seeking monetary damages on September 11 2017. The claim is against two private parties who reside in Maryland for alleged personal injuries. ECF 1. There is no federal claim stated and there is no basis for diversity jurisdiction over the claim asserted. Rather, it appears that the sole reason Brisbane has filed this complaint here is that he has been banned from filing any further civil complaints in the Maryland state courts absent consent from the appropriate administrative judge for the circuit court in which he attempts to file an action. ECF 1-1 at pp. 8 – 10 (August 17, 2016 Order of the Circuit Court for Charles County Case No. C-14-3131). In its order the court observed that "Brisbane is a serial litigant who, since 2007, has continuously used the court system to harass individuals and corporations, in bad faith" and specifically found that his "repetitive, meritless lawsuits were filed without an objective, good faith belief that he would prevail" but "with the main intent to deceive and harass private citizens and corporations." *Id.* at p. 8. The instant complaint is no exception.

Brisbane is suing two individuals who testified against him in his criminal trial, claims their actions caused him harm, and that he is entitled to damages under the Seventh Amendment

---

[1]      The Clerk SHALL AMEND the docket to reflect both defendants named in the complaint.

to the Constitution. ECF 1-1 at pp. 4 & 6. The events Brisbane describes occurring on August 20, 2007, where "a while male and female injured me while I was standing in the store and caused my left foot to hurt" appears to refer to events taking place inside the Food Lion store Brisbane was convicted of robbing. Additionally, Brisbane filed a complaint concerning nearly identical claims which was dismissed by this court after noting that Brisbane's state court claim asserting the same allegation was dismissed as time barred. *See Brisbane v. Warden*, Civil Action JFM-09-2625 (D. Md. 2009) (alleging denial of access to the courts when Circuit Court for Charles County dismissed civil action against Edelen and Speake).

Brisbane filed this complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Additionally, this court is obliged by 28 U.S.C. §1915A to screen prisoner complaints and dismiss any that is frivolous, malicious or fails to state a claim upon which relief may be granted.

The instant complaint is both frivolous and malicious and requires not only dismissal, but a strike under 28 U.S.C. §1915(g). Under the statute, Brisbane will no longer be granted *in forma pauperis* status because he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." This will be the third strike Brisbane has received from this court. *See Brisbane v. State of Maryland*, Civil Action JFM-12-3495 (D. Md 2012); *Brisbane v. Talley, et al.*, Civil Action JFM-15-1838

(D. Md. 2015).  By separate order which follows, the complaint shall be dismissed and the Clerk

directed to flag this case with a strike.


_September 14, 2017_
Date

_J. F. Motz_
J. Frederick Motz
United States District Judge